```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
UNITED STATES OF AMERICA,               :    10 Cr. 669 (DLC)
                                        :
         -v-                            :    OPINION AND ORDER
                                        :
CHIDI EZEOBI,                           :
                     Defendant.         :
                                        :
----------------------------------------X
```

APPEARANCES:

For the Government:
Michael Max Rosensaft
Carrie Heather Cohen
U.S. Attorney's Office, S.D.N.Y.
One St. Andrew's Plaza
New York, NY 10007

For defendant:
Rita Marie Glavin
Vinson & Elkins
666 Fifth Avenue, 26th Floor
New York, NY 10103

DENISE COTE, District Judge:

　　Chidi Ezeobi has moved to sever two of the four counts of the indictment against him.  For the following reasons, the motion is denied.

BACKGROUND

　　Ezeobi is the sole defendant in a four-count indictment filed July 29, 2010.  Each of the counts charges Ezeobi with engaging in a narcotics conspiracy.  Two of the four counts

concern heroin; the remaining two concern cocaine.  Counts One and Two charge that conspiracies existed between 2005 and 2008 to distribute and to import, respectively, one kilogram and more of heroin.  They include identical overt acts alleging that Courier 1 traveled from India to New York on three occasions to deliver heroin to Ezeobi and on one occasion from Michigan to New York to deliver drug proceeds.  Counts Three and Four charge conspiracies between 2005 and July 2006 to distribute and to export, respectively, five kilograms and more of cocaine.  These two counts also contain identical overt acts, which allege that Courier 2 traveled to New York to discuss transporting cocaine with Ezeobi and that they traveled together to an airport in Houston, Texas with 33 kilograms of cocaine.

In opposition to the motion to sever, the Government has described some of the evidence that it intends to offer at trial.  Among other things, Courier 1 will testify that Ezeobi described his boss in the drug trade as a Nigerian man named John.  Ezeobi told Courtier 2 to contact John when he arrived in the United Kingdom with the 33 kilograms of cocaine and wrote the name John in instructions he gave to Courier 2.  The Government will offer that document along with evidence that the instructions are in the defendant's handwriting.  The Government will also seek to offer Rule 404(b) evidence that Ezeobi personally brought cocaine in his luggage from Nigeria into the

United Kingdom in 2008, and upon his arrest identified a Nigerian named John as the person who was giving him his instructions.

DISCUSSION

I.   Rule 8 Standard

Federal Rule of Criminal Procedure 8(a) permits joinder of multiple offenses against a single defendant where the charged offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."  The policy behind Rule 8(a) is that considerations of economy and speed may outweigh possible unfairness to the defendant and justify joinder of charges at trial.  See United States v. Amato, 15 F.3d 230, 237 (2d Cir. 1994).

In deciding the appropriateness of joinder, no one characteristic can be singled out as providing the necessary similarity, and "each case depends largely on its own facts." United States v. Blakney, 941 F.2d 114, 116 (2d Cir. 1991).  In this analysis, a court may consider both what is alleged in the indictment as well as the Government's pretrial representations of the evidence that will be presented at trial.  United States v. Ajlouny, 629 F.2d 830, 842 (2d Cir. 1980).  Joinder is usually proper under Rule 8(a) when counts "have a sufficiently

3

logical connection to each other" or "where the same evidence may be used to prove each count." United States v. Rivera, 546 F.3d 245, 253 (2d Cir. 2008) (citation omitted). Thus in Blakney, the Second Circuit determined that a gun and drug charge had been properly joined where the evidence demonstrated that the defendant "was selling both commodities to the same customers; in addition, on at least one occasion he sought to pay for guns by giving [the buyer] cocaine." Blakney, 941 F.2d at 116. The evidence "was thus interconnected, and the interests of judicial efficiency were served by having the counts tried together." Id.

Rule 8(a) does not require "too precise an identity between the character of the offenses." United States v. Werner, 620 F.2d 922, 926 (2d Cir. 1980). Crimes that are of a "similar" character but not of the "same" character may be joined. Id. "'Similar' charges include those that are 'somewhat alike,' or those 'having a general likeness' to each other." Rivera, 546 F.3d at 253. In Werner, the Second Circuit found sufficient similarity between two cargo thefts that occurred two years apart and only one of which was violent in nature. Joinder was justified, since "both offenses arose out of [defendant's] scheme to use his position as an insider with [his employer] to obtain money or property carried by it." Werner, 620 F.2d at 927.

4

Even where counts have been properly joined, a court may sever the counts under Federal Rule of Criminal Procedure 14 "[i]f the joinder of offenses . . . appears to prejudice a defendant."  Rule 14 requires a showing of substantial prejudice:  "Given the balance struck by Rule 8, which authorizes some prejudice against the defendant, a defendant who seeks separate trials under Rule 14 carries a heavy burden of showing that joinder will result in substantial prejudice."  Amato, 15 F.3d at 237 (citation omitted).  "Granting separate trials under Rule 14 simply on a showing of some adverse effect, particularly solely the adverse effect of being tried for two crimes rather than one, would reject the balance struck in Rule 8(a), since this type of prejudice will exist in any Rule 8(a) case."  United States v. Sampson, 385 F.3d 183, 190 (2d Cir. 2004) (citation omitted).  Similarly, severance is not warranted "merely because [the defendant] may have a better chance of acquittal in separate trials."  Zafiro v. United States, 506 U.S. 534, 540 (1993).

The danger that Rule 14 authorizes a district judge to cure is not merely that the jury will think worse of a defendant charged with two crimes rather than one, but that the jury will use the evidence cumulatively.  See Werner, 620 F.2d at 929.  Where, however, "the accused's conduct on several separate occasions can properly be examined in detail, the objection

5

disappears, and the only consideration is whether the trial as a whole may not become too confused for the jury." Id. at 926 (citation omitted).  In Werner, the trial court declined to sever robbery charges even though one crime involved violence and the other did not.  Id. at 926.  The Court may presume that the jury is capable of understanding and following limiting instructions provided during the course of and at the conclusion of the trial with regard to the manner in which it may use evidence.  Richardson v. Marsh, 481 U.S. 200, 211 (1987); United States v. Cardascia, 951 F.2d 474, 484 (2d Cir. 1991).

"[A] mere unexplicated assertion" of the desire to testify on only one count," while remaining silent on another "is not enough to require severance."  Sampson, 385 F.3d at 191 (citation omitted).

> [N]o need for a severance exists until the defendant makes a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other. . . . In making such a showing, it is essential that the defendant present enough information -- regarding the nature of the testimony he wishes to give on one count and his reasons for not wishing to testify on the other -- to satisfy the court that the claim of prejudice is genuine and to enable it intelligently to weigh the considerations of "economy and expedition in judicial administration" against the defendant's interest in having a free choice with respect to testifying.

Id. (citation omitted) (finding that a plaintiff's showing that he would be able to provide an alibi for one of the counts, and

6

that he had strong reasons for not testifying on the second count, justified severing the counts).

The Government has shown that the four counts are properly joined. Each charges the defendant with participating in an international drug conspiracy during overlapping periods of time on behalf of the same organization. The defendant's role was to run couriers for a Nigerian named John. The defendant operated out of New York, and worked with drugs imported into this country from abroad and drugs that were to be exported from this country.

The defendant has not carried his burden of demonstrating that a severance is warranted. The Government has shown that it is likely that the evidence concerning the charged cocaine conspiracies would be admissible at a trial on the heroin counts, and vice versa. In each case, the evidence would be admissible as Rule 404(b) evidence of the defendant's knowledge and intent in associating with the two couriers. Moreover, the defendant has not shown that the probative value of such evidence would be substantially outweighed by consideration of any of the factors enumerated in Rule 403.

The defendant makes principally two arguments in support of his severance motion. First, he contends that the Government has joined the cocaine and heroin conspiracy charges in order to bolster the testimony of the two cooperating couriers. In

support of this argument he asserts that there is insufficient evidence that the heroin and cocaine conspiracies are linked or share enough elements to make it appropriate to try the charges together.  This argument may be swiftly rejected.  In each case, Ezeobi was directing the work of couriers traveling internationally to transport illegal drugs on behalf of the same organization.  There is ample evidence to support the joinder of these counts and to reject their severance.  As already noted, the Government has shown that the evidence of the heroin and cocaine conspiracies would in all likelihood be admissible in the event that a trial proceeded on either the heroin or the cocaine conspiracies alone.

Second, Ezeobi suggests that he may testify at a trial of the heroin conspiracy charges, but may not take the stand at a trial of the cocaine conspiracy charges.  Ezeobi explains that he has a "strong incentive" to tell the jury that he had a close relationship with Courier 1 that ended badly.  From this he will argue that Courier 1 had a motive to lie about Ezeobi's involvement in her work as a courier.

While the impact on a defendant's right to testify is an important consideration in evaluating a severance motion, Ezeobi has not shown that he is entitled to a severance for this reason.  See Sampson, 385 F.3d at 191.  Ezeobi does not indicate that he has decided to testify and does not explain in any

detail what testimony he would give if he took the stand. He also does not indicate whether he expects Courier 1 to admit the very facts that he deems crucial to his argument about her motive and credibility. Should she admit that they had a relationship and that it ended badly, it would appear that there would be no need for Ezeobi himself to describe those facts.

CONCLUSION

    Ezeobi's July 25, 2011 motion to sever two counts of the indictment is denied.

Dated:    New York, New York
           August 17, 2011

                              _____
                                  DENISE COTE
                        United States District Judge

detail what testimony he would give if he took the stand. He also does not indicate whether he expects Courier 1 to admit the very facts that he deems crucial to his argument about her motive and credibility. Should she admit that they had a relationship and that it ended badly, it would appear that there would be no need for Ezeobi himself to describe those facts.

CONCLUSION

Ezeobi's July 25, 2011 motion to sever two counts of the indictment is denied.

Dated:   New York, New York
         August 17, 2011

                                    _____
                                           DENISE COTE
                                    United States District Judge